(C. D. 557)

EDWARD T. GARVIN *v.* UNITED STATES

United States Customs Court, First Division

(Decided November 26, 1941)

*Barnes, Richardson & Colburn (Joseph Schwartz* and *Samuel M. Richardson* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General (*John J. McDermott* and *Richard F. Weeks,* special attorneys), for the defendant.

Before DALLINGER, TILSON, and WALKER, Judges

WALKER, Judge: Although the question of law involved is the same in each of these two suits against the United States, the fact situation is slightly different in each case. The merchandise involved in both cases is sawed pine timber, 6″ x 6″ or over in cross-section, and not less than 6″ on any one side. It was originally assessed in each case with duty at the rate of $0.50 per thousand feet, board measure, under the provisions of paragraph 401 of the Tariff Act of 1930 as amended by the Canadian Trade Agreement of 1935 (reported in T. D. 48033), plus $1.50 per thousand feet, board measure, under the provisions of section 601 (c) (6) of the Revenue Act of 1932 as amended by the said Canadian Trade Agreement.

The Canadian Trade Agreement referred to reduced the duty assessable under the provision in paragraph 401 of the Tariff Act of 1930 on "sawed   *   *   *   timber, not specially provided for   *   *   *

if of \* \* \* pine \* \* \*," from $1 per thousand feet, board measure to $0.50 per thousand feet, board measure, and the tax which might be imposed under the provision in section. 601 ·(c) (6) ·of the Revenue Act of 1932 on "Lumber, rough, or planed or dressed ·on one or more sides" from $3 per thousand feet, board measure, to $1.50 per thousand feet, board measure.

At the time the trade agreement was being negotiated; however, there was in litigation the question of whether timber was included within the meaning of the term "lumber" as used in section 601 (c) (6) ·of the revenue act, *supra*, and with this in mind the negotiators placed the following proviso on the reduction of the tax under section 601 ·(c) (6), *supra*, in the trade agreement.

*Provided further*, That no article described in paragraph 401, Tariff Act of 1930, of a kind which is being classified under section 601 (c) (6), Revenue Act of 1932, on the day of the signature of this Agreement but is thereafter excluded from such classification pursuant to a final judicial decision in which the Treasury Department acquiesces, shall be subject to the provisions of article IV of this agreement or any provision of this schedule; but the total duties, taxes, and ·other exactions hereafter imposed on or in connection with the importation of any such article shall not exceed the total which would have accrued if such article had not been excluded from such classification.

In plain language and as applied to the subject of timber, the foregoing proviso means that the negotiators intended that should timber be excluded from classification under section 601 (c) (6) of the Revenue Act of 1932, it should not have the benefit of the reduction of duty under paragraph 401 of the Tariff Act of 1930 from $1 to 50 cents per thousand feet, board measure.

The contingency anticipated occurred. On June 17, 1938, this court rendered a decision in the case of *Laurence Phillips Lumber Co.* v. *United States*, reported in T. D. 49624, holding timber, as distinguished from lumber, to be excluded from the purview of section 601 (c) (6) of the Revenue Act of 1932. No appeal was taken from that decision, and it therefore became a "final judicial decision" such as is referred to in the proviso quoted above. Under date of December 15, 1938, instructions were issued to collectors of customs relative to the dutiable and taxable status of imported sawed timber, and in the course of such instructions, which are reported in T. D. 49764, it was said:

The decision of the United States Customs Court in the case of *Laurence Phillips Lumber Co.* v. *United States*, T. D. 49624, holding certain timber 6″ x 6″ ·or over in cross section, and not less than 6″ on any one side, to be excluded from the provision for lumber, has become final in the absence of an appeal and the Treasury Department acquiesces therein.

The entry involved in protest 989470–G herein was made on August 28, 1937, and was liquidated on November 5, 1938, wherein duty

was assessed at the rate of $0.50 per thousand feet, board measure, under paragraph 401 of the Tariff Act of 1930, and tax at the rate of $1.50 per thousand feet, board measure, was imposed under section 601 (c) (6) of the Revenue Act of 1932, as amended by the Canadian Trade Agreement (T. D. 48033). Within 60 days thereafter, on January 4, 1939, protest was duly filed against such liquidation under the provisions of section 514 of the Tariff Act of 1930.

Section 515 of the Tariff Act of 1930 reads in part as follows:

Upon the filing of such protest (under Section 514) the collector shall within ninety days thereafter review his decision, and may modify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess, or pay any drawback found due, of which notice shall be given as in the case of the original liquidation, and against which protest may be filed within the same time and in the same manner and under the same conditions as against the original liquidation or decision.

\*　　\*　　\*　　\*　　\*　　\*　　\*

Under the provisions of section 515 the collector, on February 10, 1939, reviewed his decision, and as a result thereof canceled the assessment of $1.50 per thousand feet, board measure, imposed under the provisions of section 601 (c) (6), *supra*, but increased the assessment under paragraph 401 of the Tariff Act of 1930 from $0.50 to $1 per thousand feet, board measure, by reason of the proviso in the Canadian Trade Agreement quoted above and in accordance with the instructions of the Acting Secretary of the Treasury published in T. D. 49764.

Protest 989470–G here involved was filed against such action by the collector claiming that the reliquidation of February 10, 1939, insofar as it affected the assessment of duty under the Tariff Act of 1930, was illegal and void, and that the timber was dutiable at only $0.50 per thousand feet, board measure, under paragraph 401 thereof by virtue of the Canadian Trade Agreement, T. D. 48033.

The theory behind the protest claim is set forth in the brief filed on behalf of the plaintiff as follows:

It is axiomatic that the proper rate of duty to be assessed upon any merchandise is the duty provided by law to be assessed thereon on the date of its importation into the United States, or in the case of goods that are entered for warehouse at the time they are withdrawn for consumption. The decision of the Customs Court in the case above cited [*Laurence Phillips Lumber Co.* v. *United States*] and in T. D. 47810, 68 Treas. Dec. 104, cited therein, was that the merchandise was not subject to the internal revenue tax under the provision above quoted [Sec. 601 (c) (6) of the Revenue Act of 1932 as modified by the Canadian Trade Agreement]. The proviso in the Canadian Trade Agreement that the duty assessed should not be less in case of decision holding the same to be not properly dutiable under the Internal Revenue Act, than the duty theretofore assessable against the merchandise *was predicated upon the acquiescence of the Treasury Department* in any such decision.

In other words, it is left entirely to the Secretary of the Treasury by his acquiescence in a judicial decision as to what the proper rate of duty assessable

against the merchandise in question is to be. Passing the question, although it may be a serious one, as to whether such a delegation of authority to the Secretary of the Treasury not involving a determination of fact is constitutional, we believe that such acquiescence cannot be retroactive when at the time of entry of this merchandise the proper duty assessable thereon was 50¢ per thousand feet as provided by the Canadian Trade Agreement.

Therefore, it is argued, the $1 rate may only be applied to merchandise entered after the date of acquiescence, December 15, 1938.

It is undeniable that in form the language of the proviso above quoted predicates its operation not alone on the rendering of a final judicial decision, which would determine the dutiable status of the merchandise on the date of its importation, but also on the acquiescence in that decision by an executive department of the Government, which, if applied to the dutiable status of merchandise imported prior to the date of such acquiescence would, at first glance, appear to be given a retroactive effect.

Closer examination of the proviso, however, is convincing that no element of retroactive operation is involved. There can be no question as to the intent of the parties to the agreement. It is plainly manifest that they intended that in the case of articles described in paragraph 401 of the Tariff Act of 1930 which were also being classified under section 601 (c) (6) of the Revenue Act of 1932 on the day of the signature of the agreement, in which category the sawed pine timber at bar falls, the total duty imposed thereon should not in any case be less than $1 per thousand feet, board measure; that is to say, if it should be determined that the articles were excluded from the revenue act provision for lumber, then they should not have the benefit of the reduction from the rate of duty specified in paragraph 401 of the Tariff Act of 1930.

The action of the Treasury Department in acquiescing in a final judicial decision did not therefore have the effect of determining the proper rate of duty assessable on the merchandise. The rate was either $0.50 per thousand feet, board measure, under paragraph 401 of the Tariff Act, plus $1.50 per thousand feet, board measure, under the revenue act, or $1 per thousand feet, board measure, under paragraph 401 of the tariff act, according to whether final judicial decision determined the merchandise to be excluded from the provisions of the revenue act. It is clear that the parties to the agreement never intended that the duty on such merchandise should be only $0.50 per thousand feet, board measure, and we do not think that the acquiescence of the Treasury Department in a final judicial decision could result in the imposition of duties lower than those intended by the parties to the agreement. Protest 989470–G is therefore overruled.

The merchandise involved in protest 990131–G consisted of sawed pine timber entered on October 26, 1937. The entry was liquidated, January 18, 1939, and within 60 days thereafter was reliquidated by the collector in the same manner as in the case of the entry covered by protest 989470–G, i. e., the original assessment of tax at the rate of $1.50 per thousand feet, board measure, under section 601 (c) (6) of the Revenue Act of 1932 as amended by the Canadian Trade Agreement, was canceled and the assessment of duty at the rate of 50 cents per thousand feet, board measure, under paragraph 401 of the Tariff Act of 1930 as amended by the said agreement, was increased to $1 per thousand feet, board measure.

The claims made in the protest are identical with those made in protest 989470–G, and for the same reason are overruled.

Judgment will therefore issue in favor of the defendant.